R. Chad Pugh (USB No. 14035)
STOEL RIVES LLP
201 S. Main St., Suite 1100
Salt Lake City, UT  84111-4904
Phone:  (801) 578-6998
Fax:  (801) 578-6999
chad.pugh@stoel.com

*Attorney for Defendant Quicken Loans Inc.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LAURIE MITCHELL,<br><br>             Plaintiff,<br><br>     v.<br><br>QUICKEN LOANS INC.,<br><br>             Defendant. | **MOTION TO DISMISS COMPLAINT AND MEMORANDUM IN SUPPORT**<br><br>Case No. 2:17-CV-01041-JNP-BCW<br><br>The Honorable Jill N. Parrish<br><br>**(Oral Argument Requested)** |

### RELIEF SOUGHT AND GROUNDS FOR MOTION

Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8, Quicken Loans Inc. ("Quicken Loans") moves to dismiss the pro forma Complaint ("Compl." or "Complaint") filed by Plaintiff Laurie Mitchell ("Mitchell") because it fails to state a claim upon which relief can be granted. This Motion is based on the supporting memorandum below.

**INTRODUCTION**

In her single-count Complaint, Plaintiff Laurie Mitchell ("Mitchell") alleges that Quicken Loans—an eleven-time J.D. Power award winner for client satisfaction in mortgage origination and servicing—violated an unidentified provision of Section 227 of the Telephone Consumer Protection Action ("TCPA") by calling her purported (but unidentified) cellular telephone number an unspecified number of times on unspecified dates either "[w]ithin the last 2 years" or within the last year, for an unspecified purpose, without her consent. Compl. ¶¶ 5-8. This barebones pleading—in an obviously off-the-shelf, form complaint—is insufficient to state a cognizable claim under the TCPA as a matter of law. Rule 8 requires Plaintiff to plead *factual* allegations sufficient for this Court to conclude that her claim is plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Plaintiff's mere regurgitation of the elements of a TCPA claim does not suffice under this standard. The Complaint is entirely devoid of basic factual allegations to support any TCPA claim here, including what number Quicken Loans allegedly called, when the calls occurred, what was said on these calls, or how many calls are at issue. These and other factual omissions mean the Complaint fails to cross the line from speculative to plausible, and so must be dismissed. *See Abbas v. Selling Source, LLC*, No. 09-3413, 2009 WL 4884471, at *2 (N.D. Ill. Dec. 14, 2009).

Beyond the pleadings defects in her TCPA claim, the Complaint must also be dismissed to the extent it purports to plead an FDCPA action. While the Complaint references Plaintiff's "claims for violations of the FDCPA" under 15 U.S.C. § 1692k(d) (Compl. ¶ 2), there are no factual or other allegations to sustain such a claim. And, what little is pled, is wholly inconsistent with the idea that Plaintiff even had a debt with Quicken Loans such that the

FDCPA might apply. Most likely, Plaintiff's rogue reference to the FDCPA is the result of a drafting error by failing to delete it from the form complaint that Plaintiff copied here. Regardless, there is no basis to allow any FDCPA claim to proceed.[1]

## ARGUMENT[2]

### I. The Motion to Dismiss Standard.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must meet Rule 8(a)'s pleading requirements and allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .The complaint must offer sufficient factual

---

[1] Based upon Plaintiff's pleading, this Court lacks jurisdiction over her claims and is an improper forum for this action. Quicken Loans is headquartered in Michigan, and, according to her Complaint, Plaintiff is a resident of Oregon. Compl. ¶ 3. Quicken Loans anticipates that this is another drafting error resulting from Plaintiff's use of a form complaint. Of course, if that is wrong and Plaintiff is in fact a resident of Oregon, then there is no basis for this lawsuit to proceed before this Court as neither party is a resident in Utah and none of the phone calls are alleged to have occurred in Utah. In that case, this Court should dismiss the action for lack of personal jurisdiction over Quicken Loans because it is not located in Utah and the events are not alleged to have occurred in Utah (*see Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773 (2017)), or transfer this matter under 28 U.S.C. § 1404(a) to the Eastern District of Michigan, the jurisdiction where Quicken Loans is headquartered and where suit could have been properly filed originally.

[2] Although Quicken Loans disputes Plaintiff's allegations, the Court must assume the truth of the factual allegations for purposes of a Rule 12(b)(6) Motion. *Prime Ins. Co. v. Princess Tours, Inc.*, No. 14-458, 2015 WL 1235182, at *1 (D. Utah Mar. 17, 2015).

allegations to raise a right to relief above the speculative level." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (internal quotations and citations omitted).

In order to state a claim under the TCPA's cellphone provision (assuming that is the provision under which Plaintiff is attempting to seek relief), 47 U.S.C. § 227(b)(1)(A)(iii), the Complaint must include sufficient factual allegations to plausibly support a claim that the defendant (i) used a "random or sequential number generator" (defined as an automatic telephone dialing system ("ATDS") under 47 U.S.C. § 227(a)(1)(A)), (ii) to place a telephone call to a cellular phone, (iii) for which plaintiff is the authorized user or subscriber (*In the Matter and Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 8000-01 ¶ 73 (2015)), and (iv) to which the plaintiff did not consent (47 U.S.C. § 227(b)(1)(A)). *See Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1254 (M.D. Fla. 2012) (dismissing TCPA action where Plaintiff failed to allege any facts beyond regurgitating the statutory elements).

Application of these well-established standards here demonstrates that Plaintiff has failed to state a claim and her Complaint must be dismissed.

## II.      The Complaint Fails to State a TCPA Claim.

Mitchell fails to allege facts sufficient to state a TCPA claim against Quicken Loans. At the outset, Mitchell does not so much as identify the subsection of the TCPA giving rise to her claim. At most, Paragraph C in her Prayer for Relief makes reference to a violation of Section 227(b) of the TCPA. Section 227(b), however, provides for a host of different causes of action, including for certain calls made to a residential phone, certain calls to cellular phones, and calls

in violation of certain regulatory requirements—each of which has different elements that must be pled.  *See* 47 U.S.C. § 227(b)(1)(A), (1)(B), (2).  Rule 8 requires Plaintiff to provide a short and plain statement of the claim.  Fed. R. Civ. P. 8(a)(2).  A complaint that requires this Court to guess as to the nature of Plaintiff's claim fails this requirement.

The pleadings defects do not end there.  Even assuming Plaintiff intends to plead a claim for violation of the TCPA's cellphone provision (47 U.S.C. § 227(b)(1)(A)(iii)), Plaintiff does little more than regurgitate the elements of this claim.  She does not plead the phone number at which she allegedly received the calls, the phone number from which the calls originated, when the calls occurred, the identity of the callers, or what was said during the alleged calls.  Without such basic information, Plaintiff's conclusory allegations (i) fail to plausibly support her claim that the calls originated from Quicken Loans (Compl. ¶ 8); (ii) fail to plausibly support her singular assertion that the calls were received on her cellular phone (Compl. ¶ 8); and (iii) fail to plausibly support her conclusory assertion that the calls were made without her consent (*id.*).  Moreover, Mitchell confusingly alleges that the calls to her were placed sometime "[w]ithin the last year" (Compl. ¶ 8), but also claims that Quicken Loans' conduct somehow violated the TCPA "[w]ithin the last 2 years" (Compl. ¶ 7), without once identifying any specific conduct, or the date of such conduct, or how that conduct violated the TCPA.

At bottom, Plaintiff only baldly asserts that Quicken Loans "used an automatic telephone dialing system to place multiple calls to Plaintiff's cellular telephone without the prior express consent of Plaintiff."  Compl. ¶ 8.  But that pleading merely parrots the statutory elements of Section 227(b)(1)(A)(iii).  That is not enough.  Under Rule 8, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alternation in original); Burnett, 706 F.3d at 1241 (affirming dismissal of FDCPA claim for failure to plead facts sufficient to "nudge [her] claims ... across the line from conceivable to plausible.") (citation omitted); CAO Grp., Inc. v. Sybron Dental Specialties, Inc., No. 12-1062, 2014 WL 119134, at *2-3 (D. Utah Jan. 10, 2014) (dismissing contributory infringement claim when "sparse allegations" were not sufficient to raise a right to relief "above the speculative level").

Indeed, federal courts routinely dismiss conclusory TCPA claims like Mitchell's here. See, e.g., Salmon v. CRST Expedited, Inc., No. 14-0265, 2016 WL 47876, at *4 (N.D. Okla. Jan. 4, 2016) ("The amended complaint does not include any allegations that would reasonably support an inference that the calls placed by unidentified persons to plaintiff's cell phone had anything to do with [defendant] or its products, and plaintiff's TCPA claim against [defendant] should be dismissed."); Augustin, 43 F. Supp. 3d at 1254 ("Plaintiff's contention that he must only allege that a call was placed to a cellular phone using an automatic telephone system, without any dates, details or identifying phone numbers, is not supported by case law."); Abbas, 2009 WL 4884471, at *2 (N.D. Ill. Dec. 14, 2009) (dismissing claim for lack of notice when Plaintiff failed to allege when he received challenged texts, what the texts stated, or from what numbers he received the texts: "Some fair notice to [defendant] is particularly necessary here because Abbas seeks recovery for each violation of the TCPA."); Douek v. Bank of Am. Corp., No. 17-2313, 2017 WL 3835700, at *2 (D.N.J Sept. 1, 2017) (dismissing TCPA claim when Plaintiff alleged she received auto-dialed calls over a fifteen month period but complaint contained "absolutely no factual allegations about the content of the alleged calls and text

messages," did not allege what phone number the texts came from, and did not allege specifically "when the calls and text messages were received"); *Ibey v. Taco Bell Corp.*, No. 12-0583, 2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012) (dismissing TCPA claim for failure to plead sufficient facts).  This Court should follow suit and dismiss Mitchell's inadequately pled TCPA claim.

### III.     The Complaint Fails to State an FDCPA Claim.

This Court also should dismiss the Complaint to the extent Plaintiff purports to state an FDCPA claim.  As noted, Mitchell's Complaint contains a conclusory allegation, in paragraph two, that this Court has federal question jurisdiction over her "claims for violations of the FDCPA."  Compl. ¶ 2.  But nowhere else does the Complaint mention the FDCPA or plead any factual allegations of a violation (or potential violation) of the statute.  Moreover, the FDCPA applies to debt collection practices (15 U.S.C. § 1692(e)), and Plaintiff pleads no facts relating to the existence of any debt owed to Quicken Loans (because there is no such debt) or debt collection practices directed to her by Quicken Loans (because there have been none).  In light of these omissions, Plaintiff has not stated an FDCPA claim and any such claim should be dismissed.  *See Stanton v. Ocwen Loan Servicing, LLC*, No. 10-2, 2010 WL 3824640, at *6 (D. Utah Sept. 28, 2010) (dismissing FDCPA claim for failure to allege facts demonstrating liability); *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 522 (10th Cir. 2013) (affirming dismissal of FDCPA claim for failure to specify what actions violated the statute:  "Issues so inadequately treated . . . do not deserve our attention.").

## **CONCLUSION**

For the foregoing reasons, this Court should grant the Motion and dismiss the Complaint for failure to state a claim upon which relief can be granted.

Dated:  October 23, 2017                                  Respectfully submitted,

/s/ R. Chad Pugh
R. Chad Pugh
*Attorney for Defendant Quicken Loans Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2017, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

/s/ R. Chad Pugh
R. Chad Pugh